IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-17-D
No. 5:20-CV-69-D

JOAQUIN R. ORTEGA,                    )
                                      )
                    Petitioner,       )
                                      )
        v.                            )          **ORDER**
                                      )
UNITED STATES OF AMERICA,             )
                                      )
                    Respondent.       )

On February 25, 2020, Joaquin R. Ortega ("Ortega" or "petitioner") moved under 28 U.S.C.

§ 2255 to vacate, set aside, or correct his 252-month sentence [D.E. 174] and filed a memorandum

in support [D.E. 174-1]. On May 19, 2020, the United States moved to dismiss Ortega's motion and

filed a memorandum in support [D.E. 184, 185]. On May 28, 2020, the court informed Ortega of

the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 186].

See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Ortega did not respond,

and the time within which to do so has expired. As explained below, the court grants the

government's motion to dismiss and dismisses Ortega's motion.

I.

On June 7, 2017, pursuant to a written plea agreement, Ortega pleaded guilty to conspiracy

to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance

containing a detectable amount of methamphetamine (count one) and possession of a firearm in

furtherance of a drug-trafficking crime (count four). See [D.E. 43, 81, 82]. On November 7, 2018,

the court held Ortega's sentencing hearing. See [D.E. 166, 167]. At the hearing, the court adopted

the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Ortega's offense level to be 37, his criminal history category to be II, and his advisory guideline range to be 235 to 293 months' imprisonment on count one and 60 months' consecutive imprisonment on count four. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court varied downward and sentenced Ortega to 192 months' imprisonment on count one and 60 months' consecutive imprisonment on count five for a total term of 252 months' imprisonment. See [D.E. 167]. Ortega did not appeal.

On February 25, 2020, Ortega moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing counsel performed deficiently by (1) failing to object to a 4-level leadership-role enhancement and (2) failing to challenge the sufficiency of the evidence supporting Ortega's section 924(c) conviction and errantly advising him to plead guilty to count four. See [D.E. 174-1]. The government moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See [D.E. 184].

## II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court

2

"need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that

3

his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1967. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

## A.

Ortega argues counsel failed to object to the court applying a 4-level enhancement for Ortega's leadership role in the drug-trafficking conspiracy. See [D.E. 174-1] 3. Ortega has failed to plausibly allege deficient performance and prejudice.

Ortega's counsel did object to the court applying a 4-level leadership-role adjustment. See [D.E. 101] 4–5; PSR at 18. Ortega's counsel stated: "Ortega objects to the four level enhancement

4

for being an organizer or leader of a criminal activity involving five or more participants. . . . Ortega was not a leader . . . . Ortega played a discrete role in the drug trafficking activity at issue in this case -- and it was a role that did not involve leading or direct the activities of other persons . . . ." [D.E. 101] 4–5. The probation office accurately reflected that objection in the addendum to the PSR. See PSR at 18. Ortega's counsel maintained that objection at sentencing, and the court overruled it. Thus, Ortega's counsel in fact made the very objection Ortega argues his counsel should have made. Counsel did not perform deficiently but rather made reasonable and substantive arguments on Ortega's behalf. And because counsel objected exactly as Ortega argues he should have, Ortega does not plausibly allege he was prejudiced by counsel's capable performance.

Although cloaked as an ineffective assistance claim, Ortega really claims the court errantly applied the 4-level leadership-role adjustment. Stated differently, Ortega argues the court miscalculated his advisory guideline range. Ortega, however, cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Accordingly, Ortega's first claim fails.

B.

Ortega argues counsel failed to challenge the section 924(c) count on grounds it was not supported by sufficient evidence and that counsel provided ineffective assistance to Ortega by allowing him to plead guilty to that count. The claim fails.

On September 23, 2016, law enforcement conducted a traffic stop on Ortega's vehicle while he was driving and with a passenger in the front seat. See PSR ¶¶ 13, 15. The officer saw a firearm

5

in plain view on the center console between Ortega and the passenger. See id. ¶ 15. After a police dog alerted to narcotics in Ortega's car, law enforcement searched the car and found, among other things, 2.24 kilograms of methamphetamine, an AR-15 rifle, two .45-caliber handguns, and a .32-caliber handgun. See id.

Ortega concedes that a section 924(c) conviction can be premised on constructive possession of a firearm. See [D.E. 174-1] 4. Ortega does not challenge that if he possessed a firearm, it was in furtherance of a drug-trafficking crime. Cf. id. He argues only that there was insufficient evidence to establish constructive possession. See [D.E. 174-1] 4. In support, Ortega cites United States v. Blue, 957 F.2d 106 (4th Cir. 1992). In Blue, law enforcement stopped defendant's vehicle at night for a seatbelt violation as he was riding in the passenger seat of a car. Id. at 107. The officer did not see a gun as he approached the car but thought he observed the defendant reach under the passenger seat. See id. The defendant denied doing so. See id. After the driver consented to a search of the car, law enforcement found a gun under the defendant's seat. See id. The Fourth Circuit held there was insufficient evidence to support the defendant's firearm conviction because the government had produced "no evidence demonstrating that [the defendant] owned the gun or testimony that [the defendant] had been seen with the gun." Id. at 108.

Blue does not help Ortega. Here, law enforcement stopped Ortega as he was driving his car. See PSR ¶ 15. The .32-caliber gun was not hidden under a seat but was in plain view on the center console next to Ortega, and the officer saw the gun as he approached the car. See id. Moreover, Ortega and the passenger had the gun on the center console because they had just finished providing backup to co-conspirators who had completed a drug deal with a confidential informant. See id. ¶¶ 12–13. Because the gun was clearly visible next to Ortega, in a car Ortega was driving and thus

6

controlled, immediately after a controlled buy in which Ortega participated, there was sufficient evidence to show Ortega's "ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband" was located. Blue, 957 F.2d at 107; see United States v. Moody, 2 F.4th 180, 189 (4th Cir. 2021). Thus, sufficient evidence existed to establish Ortega's constructive possession of a firearm in furtherance of a drug trafficking crime.

Ortega fails to plausibly allege deficient performance. Counsel acted reasonably by negotiating a plea agreement in which Ortega pleaded guilty to counts one and four, and the government agreed to dismiss count two, which charged Ortega with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. See [D.E. 82] 7; [D.E. 43] 3. Moreover, counsel negotiated in the agreement credit for acceptance of responsibility and the readily provable drug weight, both of which affected Ortega's advisory guideline range. See [D.E. 82] 7–8. Thus, counsel performed reasonably and secured several benefits for Ortega.

Ortega's claim that counsel performed deficiently by advising him to plead guilty to the 924(c) count fails. Ortega made knowing and voluntary sworn statements at his Rule 11 hearing that bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At his Rule 11 hearing, Ortega affirmed he was satisfied with the representation he received and admitted under oath to violating section 924(c). Ortega offers no arguments that these sworn statements were untrue. Accordingly, Ortega does not plausibly allege deficient performance.

Alternatively, Ortega does not plausibly allege that but for counsel's alleged error, Ortega would have proceeded to trial. See Lee, 137 S. Ct. at 1967; Hill, 474 U.S. at 59. Although Ortega

received a consecutive 60-month on count four, Ortega does not argue he would have proceeded to trial on count four but for counsel's alleged error. In fact, he has not even asserted that he would have proceeded to trial, much less plausibly alleged it. See Lee, 137 S. Ct. at 1967 ("Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies."). Accordingly, Ortega's claim fails.

## C.

After reviewing the claims presented in Ortega's motion, the court finds that reasonable jurists would not find the court's treatment of Ortega's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 184], DISMISSES petitioners motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 174], and DENIES a certificate of appealability.

SO ORDERED. This 20 day of December, 2021.

JAMES C. DEVER III
United States District Judge